**Junicko Ranny Harno LALUJAN, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 06–70563.**

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2009.*

Filed March 30, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Armin Skalmowski, Law Office of Armin Skalmowski, Alhambra, CA, for Petitioner.

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

### MEMORANDUM **

Junicko Ranny Harno Lalujan, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir.2003). We deny the petition.

Substantial evidence supports the IJ's conclusion that Lalujan failed to establish past persecution, because the taunts that he experienced on the way to church and his general fear of religious persecution due to riots in other parts of Indonesia did not rise to the level of persecution. *See id.* at 1016–18. Substantial evidence also supports the IJ's conclusion

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

that Lalujan failed to establish an objective basis for a well-founded fear of future persecution. *See id.* at 1018. Accordingly, we deny Lalujan's asylum claim.

Because Lalujan failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Fisher v. INS,* 79 F.3d 955, 960–61 (9th Cir.1996) (en banc).

Substantial evidence also supports the IJ's denial of CAT relief because Lalujan failed to establish that it is more likely than not he will be tortured if he returns to Indonesia. *See Singh v. Ashcroft,* 351 F.3d 435, 443 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**